IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 FEB 28 PM 3: 42
CLERK _____
SO. DIST. OF GA.

ROOSEVELT PALMER,   )
                    )
    Petitioner,     )
                    )
v.                  )   CV104-141
                    )
BARRY GAITHER, Warden, )
                    )
    Respondent.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, by and through counsel, brought the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

On November 2, 1999, a Richmond County, Georgia, grand jury indicted Petitioner for three counts of burglary, two counts of criminal attempt to commit rape, theft by taking, and kidnaping. Resp.'s Ex. 2, pp. 4-8. On May 23, 2000, following a jury trial, Petitioner was found guilty of kidnaping, but not guilty of all the other counts. Id. at 61. The trial judge then sentenced Petitioner as a recidivist to life imprisonment without the possibility of parole on June 8, 2000. Id. at 62. However, according to an affidavit from Petitioner's trial counsel, on April 16, 2000, the prosecuting attorney contacted defense counsel and "made an offer whereby, in exchange for a guilty plea to counts six (burglary) and seven

(kidnaping) of the indictment, the State of Georgia would dismiss the remaining five counts and would not seek to have Petitioner sentenced as a repeat offender. Larke Aff., pp. 1-2 (attached to doc. no. 7).[1] That same day, defense counsel discussed the offer with Petitioner, who accepted the offer and signed a "Change of Plea" form. Id. at 2.

Defense counsel then immediately telephoned the prosecutor to tell her that Petitioner had accepted the offer; the prosecutor then "reneged" on the offer and stated that Petitioner would have to plead to the entire indictment. Id. During this same conversation, the prosecutor also told counsel that she now intended to seek recidivist punishment. Id. In an attempt to enforce the original plea offer, on April 17, 2000, Petitioner filed an "Emergency Motion for Continuance and to Enforce Plea Agreement." Resp.'s Ex. 2, pp. 25-27. The trial court denied this motion on May 18, 2000, and the matter proceeded to trial. Id. at 40-42.

Following his conviction and sentencing for kidnaping, Petitioner filed a motion for new trial, which was denied on April 10, 2002. Id. at 68. Petitioner then sought a direct appeal; the Georgia Court of Appeals affirmed his conviction on February 18, 2003. Palmer v. State, 260 Ga. App. 670, 580 S.E.2d 539 (2003), *reconsideration denied* (Mar. 31, 2003), *cert. denied* Palmer v. State, Case No. S03C1164 (Ga. Sept. 8, 2003). After the Georgia Supreme Court denied Petitioner's petition for certiorari, Petitioner then timely filed the instant federal petition for a writ of habeas corpus.

---

[1]Petitioner originally submitted an affidavit from trial counsel along with his petition. (See doc. no. 1). The affidavit referenced herein by the Court is an "amended" affidavit attached to Petitioner's brief. This affidavit simply reiterates and expands upon the contentions made in the original affidavit. Accordingly, for the purpose of clarity, the Court refers herein only to the "amended" affidavit filed with Petitioner's brief. (See doc. no. 7). The Court's conclusions regarding the allegations made in the "amended" affidavit apply with equal force to the original affidavit filed with the petition.

Petitioner contends that the prosecutor's decision to renege on her plea offer rendered his conviction and sentence fundamentally unfair. (Doc. no. 7, pp. 3-5). In response, Respondent argues that the prosecutor's decision to renege on her plea offer did not implicate Petitioner's constitutional rights. (See doc. no. 6). The Court resolves the matter as follows.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, includes amendments to Chapter 153 of Title 28, codified at 28 U.S.C. §§ 2244 & 2253-2255, and amendments to Chapter 154 of Title 28, codified at 28 U.S.C. §§ 2261-2266 that apply to the instant petition. According to 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court interpreted § 2254(d) in Williams v. Taylor, 529 U.S. 362, 404 (2000). The Supreme Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Id. at 404-05.

3

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted).[2] In sum, the writ of habeas corpus may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Moreover, § 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of

---

[2] As to the analysis of the "unreasonable application" standard, the Supreme Court has explained:

> Stated simply, a federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 76 (2003) (finding application of Supreme Court precedent to be unreasonable requires more than an incorrect or erroneous state court decision; it must be "objectively unreasonable").

4

correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by § 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

With these basic principles in mind, the Court now turns its attention to the instant petition.

### III. DISCUSSION

**A.     Petitioner Properly Exhausted His Claim.**

Before assessing the merits of Petitioner's claim, the Court must assess whether Petitioner has sufficiently exhausted his claim in state court. The AEDPA requires a district court to dismiss habeas claims that the petitioner has a right to raise in a state court but fails to raise in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). Here, Petitioner admits that he has not filed a state habeas petition. (See doc. no. 1, p. 2). Nevertheless, Respondent does not contest the exhaustion issue (see doc. no. 5, p. 2), and the Supreme Court has held that a petitioner is deemed to have exhausted his state judicial remedies when the state courts have been allowed a fair opportunity to address the petitioner's federal claim. Castille v. Peoples, 489 U.S. 346, 351

5

(1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Here, Petitioner has presented his claim regarding the aborted plea agreement to the state trial court, the Georgia Court of Appeals, and the Georgia Supreme Court. By presenting his claim at each level of state judicial review, Petitioner has given the Georgia courts a full and fair opportunity to resolve the constitutional issue. Accordingly, the exhaustion requirement has been satisfied and the Court will assess the merits of the claim.

**B.     Petitioner Improperly Attempts to Expand the Record.**

To begin, in support of his claim that the aborted plea offer should have been specifically enforced, Petitioner relies exclusively upon the aforementioned affidavit from trial counsel as the factual basis for his claim. The state record contains no underlying facts regarding the claim. Of note, in rejecting Petitioner's claim regarding the rescinded plea offer, the Georgia Court of Appeals explained that Petitioner had failed to develop an adequate record regarding the issue:

> [Petitioner] also asserts that the trial court erred in denying his motion to enforce a plea agreement he negotiated with the State. But we have no basis upon which to determine the circumstances surrounding the agreement. Although the record reveals that the trial court held an evidentiary hearing on [Petitioner's] motion, the transcript of that hearing is not included in the record. Indeed, the only evidence relating to the agreement is a change of plea form executed by [Petitioner] and his trial counsel. The form was apparently never tendered to the court, and while [Petitioner] attempts to explain the facts underlying the agreement in his brief, "assertions of fact made in briefs of counsel but not supported by the trial record or transcript, as appropriate, do not constitute evidence which this court can consider on appeal." Because the burden was on [Petitioner] to establish error by the record, and he has not done so, there is nothing for the Court to review.

Palmer, 260 Ga. App. at 672, 580 S.E.2d at 541 (footnotes omitted). Of course, after

concluding that Petitioner had failed to preserve the record for appeal, the Georgia Court of Appeals nevertheless went on to deny the claim on the merits.³ See id.

Regardless, in submitting an affidavit from his trial counsel, Petitioner is attempting to develop the factual basis for his claim despite a prior failure to preserve the record for appeal in state court. This is improper. Of course, the submission of affidavits in a federal habeas proceeding is not *per se* improper. See 28 U.S.C. § 2246; Rule 7 of the Rules Governing § 2254 Cases. However, the submission of affidavits should be made at the Court's direction. See Rule 7(a) of the Rules Governing § 2254 Cases. As the Advisory Committee Notes to Rule 7 make clear, it is appropriate to file affidavits or expand the record when doing so can reduce or eliminate the need for an evidentiary hearing. See id. Nevertheless, expansion of the record under Rule 7 is not a tool by which a federal habeas petitioner can develop a record concerning allegations of error he failed to diligently preserve in state court.

A federal habeas court may only take evidence regarding the factual basis of a claim that the petitioner has failed to develop in state court when:

(A) the claim relies on--

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

---

³Because the Georgia Court of Appeals denied the claim on the merits, the Court does not conclude that the claim has been procedurally defaulted. See, e.g., Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

7

28 U.S.C. § 2254(e)(2). Here, Petitioner did not act diligently to make the evidence regarding the reneged plea offer part of his state appellate record; thus, he cannot submit new evidence regarding his claim to this Court without satisfying § 2254(e)(2).[4] See Williams, 529 U.S. at 432. Petitioner falls well short; his claim is not based on a new rule of constitutional law, and the factual predicate of the claim was known to Petitioner before his state court trial began.

Accordingly, this Court will not give Petitioner a "second bite at the apple" by allowing Petitioner to present new evidence regarding an allegation of error he failed to adequately preserve for his state appeal. Thus, the affidavit from Petitioner's counsel is not properly considered part of the record before this Court. Accordingly, like the Georgia Court of Appeals, this Court must reject Petitioner's claim as lacking evidentiary support. See id. at 437 ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.").

C.     **Petitioner Has Not Shown the Violation of Any Constitutional Right.**

Furthermore, even assuming that the aforementioned affidavit is properly considered part of the record (and taking its allegations as true), the Court is not persuaded that Petitioner has stated a cognizable claim for federal habeas relief. Petitioner attempts to analogize his case to Santobello v. New York, 404 U.S. 257 (1971), in which the Supreme

---

[4]By its terms, § 2254(e)(2) applies to requests for an evidentiary hearing; however, its standard also applies to other attempts to introduce evidence. See Holland v. Jackson, 542 U.S. 649, 653 (2004)(explaining that § 2254(e)(2) applies "when a prisoner seeks relief based on new evidence *without* an evidentiary hearing"); see also Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005); Owens v. Frank, 394 F.3d 490, 499 (7th Cir. 2005).

Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262. However, Petitioner's argument is strained at the outset because Petitioner did not plead guilty. A brief survey of the operative facts in Santobello will be helpful.

In Santobello, the petitioner's guilty plea was induced by the prosecutor's promise "to make no recommendation as to the sentence." Id. at 258. Months after the trial court accepted the plea, at sentencing the prosecutor's office reneged on its promise and recommended that the maximum sentence be imposed. Id. at 259. The sentencing court then actually imposed the maximum sentence. Id. at 260. As a result, a lack of "fairness in securing [the] agreement between [the] accused and [the] prosecutor" was apparent, and the Supreme Court remanded the case to the state court, so that it could decide in the first instance whether it would be appropriate to require "specific performance of the agreement on the plea," or whether the petitioner should simply be allowed to withdraw his guilty plea. Id. at 251, 263.

In contrast, in the instant case the trial court never accepted a guilty plea from Petitioner, and the case proceeded to jury trial. Petitioner does not argue that he took any action in reliance upon the plea offer which caused him to suffer any prejudice at trial. As a result, Petitioner did not surrender any constitutional right upon the inducement of a broken promise from the prosecutor.

As the Supreme Court has aptly explained,

> [Petitioner] can obtain federal habeas corpus relief only if his custody is in violation of the Federal Constitution. A plea bargain standing alone is without constitutional significance; in itself it is a mere executory

9

>agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is [an] ensuing guilty plea that implicates the Constitution. Only after [the defendant has] pleaded guilty [is] he convicted, and it is that conviction which [gives] rise to the deprivation of [the defendant's] liberty.

Mabry v. Johnson, 467 U.S. 504, 507 (1984). Simply put, the Supreme Court's holding in Mabry forecloses Petitioner's argument. In Spann v. Wainwright, 742 F.2d 606 (11th Cir. 1984), the Eleventh Circuit addressed the very issue raised by Petitioner. Explaining that the Mabry holding "control[led] the disposition" of the case, the Eleventh Circuit reasoned that Spann's acceptance of a plea offer did not give him a due process right to have the plea bargain specifically enforced. Id. at 607.

Following an initial investigation into a murder, a Florida state prosecutor "offered [Spann] a plea bargain whereby he would face charges of attempted grand larceny and testify against another participant in the crime." Id. at 606. Spann accepted the plea offer and gave the prosecutor a sworn statement which incriminated him in the murder. Id. The prosecutor then reneged on the bargain and indicted Petitioner for murder. Id. Although the sworn statement made in reliance on the revoked plea offer was suppressed, a jury convicted Spann of murder and the trial court sentenced him to life imprisonment. Id. at 606-07. In affirming the district court's denial of the writ, the Eleventh Circuit concluded that "a breached executory plea agreement without more is insufficient ground for the granting of habeas corpus relief." Id. at 607.

There is no meaningful distinction between Spann and the instant case. Thus, the instant case, like Spann, is controlled by the Supreme Court's holding in Mabry. Furthermore, even assuming *arguendo* that the withdrawal of the plea offer implicated Petitioner's constitutional rights, under the AEDPA standard of review, described *supra*, this

Court may not grant habeas relief on a claim that was adjudicated on the merits in state court unless the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law. Here, the Georgia Court of Appeals--relying on state court precedent--denied Petitioner's direct appeal, explaining that the withdrawn plea offer was "not binding without the trial court's consent." Palmer, 260 Ga. App. at 672, 580 S.E.2d at 541 (citing State v. Hanson, 249 Ga. 739, 743-44, 746-47, 295 S.E.2d 297, 301-02, 303-04 (1982)). This conclusion was not contrary to federal law; nor did it involve an unreasonable application of Supreme Court precedent. Indeed, the Georgia Court of Appeals's decision comports with the Supreme Court's unambiguous holding in Mabry.

In sum, the instant petition lacks merit and should be denied.

## IV. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 28th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE